UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff<br><br>       -against-<br><br>OLUWASEUN ADELEKAN et al.,<br><br>                Defendants. | 19 Cr. 291 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Defendant Adelekan's motion to quash/modify a subpoena served by the Government calling for production of materials by the Defendant in the event he testifies at trial, (dkt. no. 348), the Government's opposition, (dkt. no. 356), and Defendant's Reply. (Dkt. no. 359).

    As will become apparent, the parties are not that far apart on their views, so it is particularly unfortunate that defense counsel failed to comply with Local Criminal Rule 16.1 requiring, before a discovery motion, certification that counsel has conferred with his or her opponent to resolve their differences. Rather than rejecting the motion as premature, however, the Court will resolve the parties' differences.

    The subpoena calls for production of the requested documents one day before Defendant takes the stand in order to avoid any time gap between Defendant's direct testimony and the Government's cross-examination. When the defense pointed out that technically

1

such production was only required at the conclusion of Defendant's direct testimony, the Government agreed to that modification.

Not willing to take yes for an answer, the defense replies that the Government had also argued that the requested documents would be relevant and admissible regardless of the substance of the Defendant's testimony.  While it is correct that the Government did so argue, it nevertheless agreed to adjourn the return date until the conclusion of Defendant's testimony.

The defense objects to certain requests as overbroad, lacking in specificity, and seeking documents already in the Government's possession.  Specifically, Defendant objects to the subpoena's request for "documents sufficient to demonstrate. . .[e]ach and every bank account opened by Olad," one of Defendant's businesses, on the ground that the Government already possesses those documents.  (See dkt. no. 348 at 2.)  The Government acknowledges that it has documents relating to two bank accounts opened in Olad's name but states that it only seeks documents sufficient to demonstrate the existence of other accounts--a fairly simple undertaking if such accounts exist.  Any such documents would be relevant to the business of Olad in light of Defendant's defense that Olad was a legitimate business.  Accordingly, the motion is denied as to those documents.

Defendant also objects to the request for "documents sufficient to demonstrate . . . the services provided by Olad" on the ground that it is "overly broad and non-specific." (See id. at 2.)  Notably, the subpoena does not seek all documents relating to services provided by Olad, only documents sufficient to show what those services are.  The request thus is not burdensome and, in any event, is relevant to Defendant's defense that Olad was a legitimate business.  Accordingly, the motion is denied as to those documents.

Finally, Defendant objects generally to any "unspecific and overbroad requests" that "may come to [his] attention as [he] work[s] to respond" to the subpoena.  (Id. at 2.)  That objection is denied as a general boilerplate objection.

In reply, the Defendant also takes issue with the Government's request for "documents sufficient to demonstrate" one thing or another on the grounds that such a request is "vague" and "could expose [Defendant] to civil and criminal sanctions."  (See dkt. no. 359 at 2.)  While the number of documents required to be produced might vary somewhat, in this instance, the request is not overly vague.  The Court also notes that a pre-motion discussion between counsel might have clarified what was required.

Except with respect to the agreed-upon modification of the return date, Defendant's motion to modify/quash the Government's subpoena (dkt. no. 348) is DENIED.

**SO ORDERED.**

Dated:   October 15, 2021
         New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge