```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>-against-<br><br>OLUWASEUN ADELEKAN,<br><br>                Defendant. | No. 19 CR 291 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Defendant moves to proceed in forma pauperis on his direct appeal of his conviction and sentence.  (See Dkt. no. 522.)  In support of that motion, and consistent with the requirements of Federal Rule of Appellate Procedure 24(a)(1), Defendant submitted an affidavit purporting to show his inability to pay, his claimed entitlement to redress, and the issues he intends to present on appeal.  (See Dkt. no. 531.)  To date, the Government takes no position on Defendant's motion.

    By way of background, the initial affidavit filed in connection with Defendant's motion to proceed in forma pauperis was filed and signed by his former counsel.  (See Dkt. no. 524.)  In filing that affidavit, counsel explained that he "had been waiting for the financial affidavit from Mr. Adelekan, but he would not mail it back" and that, as a result, counsel "completed one for the court."  (Id. at 3.)  By order dated June 10, 2022, the Court concluded that "[t]he affidavit filed by

counsel is insufficient in that it does not provide all the required information.  It is also unclear whether that affidavit is sworn to by Mr. Adelekan as opposed to his former counsel." (Dkt. no. 531 at 2 (cleaned up).)  The Court attached the necessary forms and requested that Mr. Adelekan complete them if he wished to proceed in forma pauperis on appeal.  (Id.)  Four days later, on June 14, 2022, Defendant submitted a signed financial affidavit.  (Dkt. no. 541.)

The Court has examined Defendant's affidavit and concludes that Defendant's representations as to his finances conflict with existing records in this case.  These discrepancies call into question the accuracy of Defendant's most recent financial affidavit and, as a result, his claimed inability to pay.  Mr. Adelekan shall write to the Court explaining these discrepancies.  Any representations of fact shall be made under oath.  If appropriate, Mr. Adelekan shall file a revised affidavit.  The following list of discrepancies is non-exhaustive.

First, the Court observes that the affidavit filed by Mr. Adelekan is a near carbon copy of the affidavit filed by counsel and rejected in part because it did "not provide all the required information."  Each entry calling for financial information has been "zeroed out" in similar fashion, and identical or nearly identical answers are given to prompts

2

calling for narrative responses.  (Compare dkt. no. 541 at 1-6, with dkt. no. 524 at 5-10.)  And Mr. Adelekan was able to compile his affidavit within just four days of the Court's June 10 order, which includes the time it took for the order to reach him by U.S. mail.

Second, affidavit question 1 seeks information regarding Defendant's income received during the past 12 months from employment, interest, gifts, etc.  Defendant filed his affidavit on June 14, 2022, so this question reaches back to June 2021.  According to Defendant, his income from June 2021 through June 2022 was zero in all categories.  (Dkt. no. 541 at 2.)  According to the information provided to Probation in preparation of his presentence investigation report, however, Mr. Adelekan in fact earned approximately $9,200 per month from four jobs until October 2021, when he was remanded after being found guilty at trial.  (See PSR ¶¶ 109-110, 112-114.)[1]  Moreover, according to the PSR, Adelekan told Probation during a presentence investigation interview that at least one of these jobs "continue[d] to generate income for him" even after he was remanded.  (Id. ¶ 110 ("Adelekan stated that he has two employees that continue to generate income for him to date.").)

---

[1] At least some of this employment and income was verified at the time through copies of pay stubs.  (Id. ¶¶ 110, 112.)

Third, affidavit question 2 seeks information about Defendant's employment history for the past two years, including the gross monthly pay associated with any such employment. Because Defendant filed his affidavit in June 2022, this question reaches back to June 2020.  Again, Defendant reported that he had no employment history and zero gross monthly pay during the two-year period.   (Dkt. no. 541 at 2.)  As with question 1, however, this representation is contradicted by the PSR, which indicates that Defendant held at least four jobs with substantial income since June 2020.   (PSR ¶¶ 109-110, 112-113; id. ¶ 110 (noting, as to just one of the four jobs, that Defendant "reported that in 2020, he earned approximately $125,000").)

Fourth, affidavit question 4 seeks information about Defendant's current cash holdings.  Again, Defendant reported current cash holdings of zero.   (Dkt. no. 541 at 3.)  Defendant's April 2019 CJA affidavit indicates cash on hand of $1,200.  (See Dkt. no. 22.)  His PSR indicates $950 of cash on hand.  (PSR ¶ 114.)  Although it is certainly possible that Defendant's current cash on hand is zero, Defendant is reminded that the affidavit constitutes a sworn oath under penalty of perjury.  To ensure the accuracy of his answers, Defendant should undertake a good faith inquiry into any cash holdings he

4

may have and truthfully report any such holdings in his affidavit.

Fifth, affidavit question 5 seeks information about Defendant's assets. Defendant indicates in his affidavit that he owns no vehicle and the value of his assets is zero. (Dkt. no. 541 at 3.) His PSR, however, indicates ownership of a truck worth approximately $12,000. (PSR ¶ 114.) Again, it is certainly possible that this asset was disposed of between the time the PSR was generated and when Defendant submitted his affidavit. But the Court would expect any proceeds still in Defendant's possession to be reflected in his cash holdings.

\* \* \*

The cumulative effect of these discrepancies does not give the Court confidence as to the accuracy of the information in Defendant's most recent affidavit. See United States v. Wright, 478 F. Supp. 1178 (S.D.N.Y. 1979) (Cooper, J.). While the discrepancies in questions 4 and 5 are potentially reconcilable, the discrepancies in question 1 and 2 are not. Either the Defendant's affidavit is correct or the PSR is correct. Mr. Adelekan shall write to the Court explaining these discrepancies, with any representation of fact made under oath. If appropriate, Mr. Adelekan shall submit a revised affidavit.

The Clerk of the Court shall mail a copy of this order to Mr. Adelekan.

**SO ORDERED.**

Dated:     June 24, 2022
           New York, New York

*Loretta A. Preska*
_____
LORETTA A. PRESKA
Senior United States District Judge

# UNITED STATES DISTRICT COURT
for the
_____ DISTRICT OF _____

_____ ,          )
                              )
         Plaintiff            )
                              )
      v.                      )
                              )   Case No. _____
_____ ,          )
                              )
         Defendant            )
                              )

**AFFIDAVIT ACCOMPANYING MOTION
FOR PERMISSION TO APPEAL IN FORMA PAUPERIS**

**Affidavit in Support of Motion**

I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.)

Signed: _____

**Instructions**

Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.

Date: _____

My issues on appeal are: _____

_____

_____

1. *For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.*

Rev. 12.1.2018

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ | $ | $ | $ |
| Self-employment | $ | $ | $ | $ |
| Income from real property (such as rental income) | $ | $ | $ | $ |
| Interest and dividends | $ | $ | $ | $ |
| Gifts | $ | $ | $ | $ |
| Alimony | $ | $ | $ | $ |
| Child support | $ | $ | $ | $ |
| Retirement (such as social security, pensions, annuities, insurance) | $ | $ | $ | $ |
| Disability (such as social security, insurance payments) | $ | $ | $ | $ |
| Unemployment payments | $ | $ | $ | $ |
| Public-assistance (such as welfare) | $ | $ | $ | $ |
| Other (specify): | $ | $ | $ | $ |
| **Total monthly income:** | $ | $ | $ | $ |

2. List your employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

Rev. 12.1.2018

3. List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

4. How much cash do you and your spouse have? $_____

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

*If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.*

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

| Home | Other real estate | Motor vehicle #1 | |
|---|---|---|---|
| (Value) $ | (Value) $ | (Value) $ | |
| | | Make and year: | |
| | | Model: | |
| | | Registration #: | |

Rev. 12.1.2018

| Motor vehicle #2 | Other assets | Other assets |
|---|---|---|
| (Value) $ | (Value) $ | (Value) $ |
| Make and year: | | |
| Model: | | |
| Registration #: | | |

6. *State every person, business, or organization owing you or your spouse money, and the amount owed.*

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| | $ | $ |
| | $ | $ |
| | $ | $ |
| | $ | $ |

7. *State the persons who rely on you or your spouse for support.*

| Name [or, if under 18, initials only] | Relationship | Age |
|---|---|---|
| | | |
| | | |
| | | |

Rev. 12.1.2018

8.  *Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.*

|  | You | Your Spouse |
|---|---|---|
| Rent or home-mortgage payment (including lot rented for mobile home)<br>　　Are real estate taxes included?　　[ ] Yes  [ ] No<br>　　Is property insurance included?　　[ ] Yes  [ ] No | $ | $ |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ | $ |
| Home maintenance (repairs and upkeep) | $ | $ |
| Food | $ | $ |
| Clothing | $ | $ |
| Laundry and dry-cleaning | $ | $ |
| Medical and dental expenses | $ | $ |
| Transportation (not including motor vehicle payments) | $ | $ |
| Recreation, entertainment, newspapers, magazines, etc. | $ | $ |
| Insurance (not deducted from wages or included in mortgage payments) | | |
| 　　Homeowner's or renter's: | $ | $ |
| 　　Life: | $ | $ |
| 　　Health: | $ | $ |
| 　　Motor vehicle: | $ | $ |
| 　　Other: | $ | $ |
| Taxes (not deducted from wages or included in mortgage payments) (specify): | $ | $ |
| Installment payments | | |
| 　　Motor Vehicle: | $ | $ |
| 　　Credit card (name): | $ | $ |
| 　　Department store (name): | $ | $ |
| 　　Other: | $ | $ |

Rev. 12.1.2018

| Alimony, maintenance, and support paid to others | $ | $ |
|---|---|---|
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ | $ |
| Other (specify): | $ | $ |
| **Total monthly expenses:** | $ | $ |

9. *Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?*

    Yes     No          If yes, describe on an attached sheet.

10. *Have you spent - or will you be spending - any money for expenses or attorney fees in connection with this lawsuit?*     Yes     No

    *If yes, how much?* $

11. *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.*

12. *State the city and state of your legal residence*

    *Your daytime phone number:*

    *Your age:*          *Your years of schooling:*

Rev. 12.1.2018