UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>-against-<br><br>OLUWASEUN ADELEKAN,<br><br>                    Defendant. | 19 Cr. 291 (LAP); 24 Civ. 8303<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

　　The Court is in receipt of Defendant Oluwaseun Adelekan's pro se motion for reconsideration, (the "Motion for Reconsideration"), of the Court's November 21, 2024 order, (the "November 2024 Order"),[1] and Defendant's pro se request for bail pending final adjudication of his motion to vacate (the "Bail Request").[2]  The Government opposed the motions.[3]  For the reasons set out below, Defendant's motions are DENIED.

I. **Background**

　　The Court assumes familiarity with the underlying facts of this case.

　　On April 9, 2024, Defendant filed a motion "requesting certain documentation," (the "Discovery Request").[4]  On October 7, 2024,

---

[1] (Nov. 2024 Order, dated Nov. 21, 2024 [dkt. no. 769].)
[2] (Mot. for Recons., dated Dec. 17 and 18 2024, [dkt. nos. 773-74]; Bail Req., dated Apr. 15, 2025 [dkt. no. 787]; Def. Reply, dated July 29, 2025 [dkt. no. 803].)  Dkt. nos. 773 and 774 are identical.
[3] (Gov't Opp'n, dated Jun. 27, 2025 [dkt. no. 800].)
[4] (Disc. Req., dated Apr. 9, 2024 [dkt. no. 721].)

Defendant moved to vacate his sentence arguing that the fourth superseding indictment was issued by an illegally extended grand jury. (Dkt. no. 759 at 1.) On October 31, 2024, the Court construed Defendant's motion to vacate as a habeas petition. (Dkt. no. 763 at 3.) At the time, Defendant's appeal of his conviction had been denied, though the Court of Appeals had not yet issued a mandate. (See dkt. no. 521 (notice of appeal filed Jun. 3, 2022); No. 22-1232, dkt. no. 172-1 (Court of Appeals' decision issued October 16, 2024); dkt. no. 771 (Court of Appeals' Mandate filed Dec. 9, 2024).) On the same day, Defendant refiled his motion with the header "Defendant Oluwaseun Adelekan's Motion to Vacate Sentence and Conviction and Dismiss Fourth Superseding Indictment With Prejudice," (the "Motion to Vacate").[5]

On November 21, 2024, the Court issued an order resolving the two outstanding motions – the Discovery Request and the Motion to Vacate. (Nov. 2024 Order.) The Court construed the Discovery Request as a request for discovery under Rule 6 of the Rules Governing Section 2255 Proceedings. (Id. at 2.) The Court denied the request because Defendant's allegations regarding the amount of time that had passed between his original indictment and the Fourth Superseding Indictment were insufficient to meet the good

---

[5] (Mot. to Vacate, dated Oct. 31, 2024 [dkt. no. 764].) On October 31, 2024, the Court construed Defendant's Motion to Vacate as a habeas petition. (Dkt. No., 763 at 3.) For the sake of clarity, it is referred to in this order as the Motion to Vacate.

2

cause bar faced by habeas petitioners seeking discovery. (Id. at 3.) With respect to the Motion to Vacate, the Court noted that Defendant failed to comply with Rule 2 of the Rules Governing Section 2255 Proceedings, which requires that a movant "specify all grounds for relief available . . . [and] state the facts supporting each ground." (Id. (alteration in original).) The Court granted leave to amend the Motion to Vacate by December 16, 2024. (Id. at 4.)

On December 17 and 18, 2024, Defendant filed two identical copies of his motion for reconsideration. (Mot. for Recons.; see supra n. 2.) The motion seeks reconsideration of the Court's November 21 Order regarding (1) the Discovery Request in light of Hill v. Department of Justice, 2011 U.S. Dist LEXIS 156500 (D.D.C. Dec. 19, 2011) and (2) the Court's construal of Defendant's Motion to Vacate as a habeas petition in light of Adams v. United States, 155 F.3d 582 (2d Cir. 2001).

On April 15, 2025, Defendant filed the Bail Request. (Bail Req.) In addition to rehearsing the same arguments he made in his motion for reconsideration, the motion seeks bail during the pendency of his Motion to Vacate. (Bail Req. at 3.) On June 27, 2025, the Government filed an opposition to the Motion for Reconsideration and the Bail Request. (See Gov. Opp'n.) On July 29, 2025, Defendant replied. (See Def. Reply.)

## II. Applicable Law

### a. Motion for Reconsideration

A movant may prevail on a motion for reconsideration "only when [he] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Cho v. Blackberry Ltd., 991 F.3d 155, 168 (2d Cir. 2021). "A motion for reconsideration is not an opportunity for a petitioner to relitigate an issue already decided or present arguments that could have been made before the judgment was entered." Ethridge v. Bell, 49 F.4th 674, 688 (2d Cir. 2022) (internal quotations omitted).

### b. Bail Pending Adjudication of Habeas Petition

The Court possesses "inherent power to enter an order affecting the custody of a habeas petitioner who is properly before it contesting the legality of his custody." Mapp v. Reno, 241 F.3d 221, 226 (2d Cir. 2001) (citation omitted). Bail should only be granted, however, if the petitioner raises "substantial claims" and there are "extraordinary or exceptional circumstances . . . which make the grant of bail necessary to make the habeas remedy effective." Id. (citation omitted).

### III. Discussion

#### a. Motion for Reconsideration

Defendant asks the Court to reconsider the Court's denial of his Discovery Request and construal of his Motion to Vacate as a habeas petition. (See Mot. for Recons. at 1.)

##### i. The Discovery Request

With respect to the Discovery Request, Defendant relies primarily on Hill v. Department of Justice, 2011 U.S. Dist LEXIS 156500 (D.D.C. Dec. 19, 2011). (Mot. for Recons. at 2.) However, Hill is unpersuasive here because the motion it adjudicated had a different procedural posture and different governing law from this case. See Hill, 2011 U.S. Dist LEXIS 156500, at *1-*3. Though, like this case, the movant sought disclosure of grand jury minutes, Hill ruled on a summary judgment motion brought under the Freedom of Information Act ("FOIA") and primarily turned on the scope of FOIA exemption (b)(3). Id. at *1-*3, *9. Before the Court in this case is a motion for reconsideration arising out of the Court's denial of Defendant's Discovery Request. (See Mot. for Recons. at 1.) The ruling in Hill therefore has no application here. Thus, Defendant has not carried his burden of "identif[ying] an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." See Cho, 991 F.3d at 168. He in fact commits the error of using a motion for reconsideration as a vehicle to

5

relitigate a decided issue. See Ethridge, 49 F.4th at 688. Accordingly, with respect to the Discovery Request, Defendant's motion for reconsideration is DENIED.

### ii. The Motion to Vacate

Defendant also seeks reconsideration of the Court's construal of his Motion to Vacate as a habeas petition. (Mot. for Recons. at 2.) He relies primarily on Adams v. United States, 155 F.3d 582 (2d Cir. 2001), which holds that district courts may not recharacterize a pro se post-conviction motion as a habeas petition unless the movant agrees to the recharacterization or is offered an opportunity to withdraw the motion. Adams, 155 F.3d at 584. This is to prevent later habeas claims from being precluded as second or successive habeas petitions under 28 U.S.C. § 2255(h) without addressing their merits. See id. at 584. The Supreme Court later adopted the holding in Adams in Castro v. United States, 540 U.S. 375, 383 (2003).

Consistent with Castro and Adams, the November 2024 Order granted Defendant leave to amend the Motion to Vacate. (Nov. 2024 Order at 4.) The Court reminds Defendant that "recharacterization of his motion means that any subsequent § 2255 motion will be subject to the restrictions on second or successive motions." (Gov't Opp'n at 4 (internal quotations omitted) (quoting Castro, 540 U.S. at 383).) Defendant is entitled to withdraw the motion if he so wishes and refile any time before the statute of

6

limitations expires on January 14, 2026.  28 U.S.C. § 2255(f)(1) (one-year statute of limitations begins to toll when "the judgment of conviction becomes final."); see also Clay v. United States, 537 U.S. 522, 532 (for purposes of a habeas petition's statute of limitations, a conviction becomes final when the period for filing a petition for writ of certiorari with the Supreme Court expires); Sup. Ct. Rule 13.3 (petitioners have ninety days from the entry of the judgment, not the mandate, to file petition for writ of certiorari); (No. 22-1233, Dkt. No. 172-1 (Court of Appeals Decision issued October 16, 2024)).  Alternatively, the Court grants leave to amend the pending Motion to Vacate by November 15, 2025.  Leave to amend is granted to allow Defendant to bring the Motion to Vacate into compliance with Rule 2 of the Rules Governing Section 2255 Proceedings as stated in the November 2024 Order, (Nov. 2024 Order at 3,) and add any other claims Defendant wishes to bring.

In terms of the Court's construal of Defendant's Motion to Vacate as a habeas petition, Defendant fails to present any legally cognizable reason to reconsider that decision.

> [D]efendant cannot have it both ways: he cannot both (i) ask the Court to rule on his motion to vacate his conviction based on a purportedly improperly returned indictment without identifying the procedural mechanism under which he makes his request, and (ii) claim that the Court is without power to convert that motion into one made under 28 U.S.C. § 2255.

(Gov't Opp'n at 4.)  In Defendant's motion for reconsideration he again commits the error of using a motion for reconsideration to relitigate closed issues.  See Ethridge, 49 F.4th at 688.  Accordingly, with respect to the Motion to Vacate, Defendant's motion for reconsideration is DENIED.

### b. Bail Request

Defendant seeks bail during the pendency of his Motion to Vacate.  (Bail Req. at 3.)  As the Government correctly asserts and contrary to Defendant's Bail Request, the power to grant bail during the pendency of a habeas petition derives from the inherent power of federal courts rather than statute.  See Mapp, 241 F.3d at 226.  (See also Gov't Opp'n at 2-3; contra Bail Req. at 3 (citing 18 U.S.C. § 3143).)  To prevail on a motion for bail pending habeas, a movant must show that (1) their habeas petition raises "substantial claims" and that there are (2) "extraordinary circumstances" which (3) "make the grant of bail necessary to make the habeas remedy effective." Mapp, 241 F.3d at 226 (quoting Grune v. Coughlin, 913 F.2d 41, 44 (2d Cir. 1990)).

Defendant does not bring a substantial claim.  He instead presents conclusory allegations that his confinement is jurisdictionally defective because the grand jury that indicted him was improperly extended beyond the maximum term of 36 months prescribed in the Federal Rules of Criminal Procedure, which is the same argument he made for his Discovery Request.  (Bail Req.

8

at 3.)  But, as the Court made clear in the November 2024 Order, "the timeframe [between the April 23, 2019 indictment and the September 9, 2021 fourth superseding indictment] alone, without more specific factual support, is insufficient to establish good cause."  (Nov. 2024 Order at 3.)  The Government correctly points out that the indictments were handed down well within the standard term of grand jury empanelment.  (Gov't Opp'n at 3.)  Defendant's claim therefore fails to be "substantial" within the meaning of Mapp.  221 F.3d at 226.

Defendant's case likewise fails to present "extraordinary circumstances."  See id.  Courts require more than Defendant's conclusory allegations regarding the length of the grand jury's empanelment to grant the unusual relief he seeks.  See Iuteri v. Nardoza, 662 F.2d 159, 162 (2d Cir. 1981) (holding that an alleged a legal defect in a petitioner's confinement is not an extraordinary circumstance because "[v]irtually all habeas corpus petitioners argue that their confinement is unlawful.").

Bail is also unnecessary to make the habeas remedy effective in this case.  To grant bail, courts generally require that the habeas remedy would be meaningless if the claimant were confined during the claim's pendency.  Compare Mahdawi v. Trump, 781 F. Supp 3d 214, 233-34 (D. Vt. 2025) (holding that, in a First Amendment retaliation case, bail pending habeas was necessary to prevent the government from punishing citizens for their protected

9

speech without due process), with Halley v. Ashcroft, 148 F. Supp 2d 234, 236 (E.D.N.Y. 2001) (holding that bail was not necessary because the only relief petitioner sought was a hearing to determine whether he would be deported from the United States, which would remain an effective remedy whether or not he was incarcerated during the pendency of the claim). Here, Defendant has shown no reason that he needs bail pending the adjudication of his Motion to Vacate to make the potential habeas remedy effective. Accordingly, Defendant's claim fails to satisfy all three Mapp elements. See Mapp, 241 F.3d at 226.

Even assuming arguendo that the Mapp elements are met, this Court is nonetheless empowered to deny bail if petitioner is a flight risk. See United States ex. rel. Rice v. Vincent, 486 F.2d 215, 216 (2d Cir. 1973). The same factors articulated in the Court's order denying bail pending Defendant's appeal, including Defendant's substantial foreign ties and the availability of funds, remain influential here. (See dkt. 627 at 7-9.) Additionally, Defendant pled guilty to money laundering charges filed in the District of Puerto Rico arising out of conduct he undertook while on pre-trial release in this case. See United States v. Adelekan, 21 Cr. 395 (RAM) (dkt. no. 86, 611). His demonstrated propensity for reoffending during supervised release does not inspire confidence that he will refrain from such conduct if granted bail. For failure to meet the Mapp elements and the

independent factors counseling against his release, Defendant's motion for bail during the pendency of his Motion to Vacate is DENIED.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion for Reconsideration is DENIED and Defendant's Bail Request is DENIED. Defendant is permitted to withdraw his habeas petition and refile by January 14, 2026, the expiration of the statute of limitations, or accept the Court's recharacterization and amend his filing by November 15, 2025.

The Clerk of the Court shall close dkt. nos. 773, 774, and 787 in 19 Cr. 201 and dkt. nos. 5 and 6 in 24 Civ. 8303 and mail a copy of this order to Defendant.

**SO ORDERED.**

Dated:    October 22, 2025
         New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge